IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA — TALLAHASSEE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Adversary Case No.:_____ |
| | ) | |
| KAFIL HAMIM QUAIYUM TUNSILL | ) | Case No.: 25-40091-KKS |
| | ) | |
| Debtor | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| Kafil Hamim Quaiyum Tunsill, Trustee, | ) | |
| for TUNSILL REVOCABLE LIVING | ) | |
| TRUST, | ) | |
| | ) | **FILED USBC NDFL TLCTR** |
| Plaintiff in Equity, | ) | **JUN 9 2025 PM2:02** |
| | ) | |
| v. | ) | |
| | ) | |
| United States Bankruptcy Court – | ) | |
| Northern District of Florida, et al., | ) | |
| Defendants in Trust/Constructive | ) | |
| Trust. | ) | |
| _____ | ) | |

VERIFIED PETITION IN EQUITY

**TO THE HONORABLE COURT:**

Comes now, Kafil- Hamim Quaiyum: Tunsill, in his capacity as Trustee for the

TUNSILL REVOCABLE LIVING TRUST, in exclusive equity jurisdiction, and not at

law, and petitions this Court for equitable relief, and respectfully alleges as follows:

1.  This is an action in equity brought under Rule 7001 of the Federal Rules of

    Bankruptcy Procedure, invoking this Court's equitable jurisdiction to resolve

    issues related to lawful tender, fiduciary standing, and subrogation rights.

2.  Plaintiff appears solely in fiduciary capacity, not pro se, pursuant to the trust

    indenture governed by private contract and equity principles.

1

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §
727.

4. This is a core proceeding under 28 U.S.C. § 157 (b)(2)

## VENUE

5. Venue is proper under 28 U.S.C. § 1409

## PARTIES

6. Plaintiff, **Kafil Hamim Quaiyum Tunsill**, is a living man and the duly appointed
**Trustee of the TUNSILL REVOCABLE LIVING TRUST**, a private, non-
statutory trust organized under the laws of equity and private contract. Plaintiff
appears solely **in a fiduciary capacity**, not pro se, and brings this action to
protect the equitable interests of the Trust and its beneficiaries.

Plaintiff is a **foreign national with respect to the United States**, not a "U.S.
citizen" or "resident" as defined by 26 CFR § 1.1-1(c), and therefore does not
maintain tax liability under the 14th Amendment construct. Plaintiff has standing
pursuant to the Constitution, equity maxims, and federal bankruptcy law,
including but not limited to 11 U.S.C. § 727.

Plaintiff resides and may be served for purposes of notice at:

2745 Miccosukee Road
Tallahassee, Florida 32308

7. **Defendant No. 1 – UNITED STATES BANKRUPTCY COURT FOR THE**

2

**NORTHERN DISTRICT OF FLORIDA**

This Defendant is a division of the federal judiciary tasked with administrative oversight and adjudication of bankruptcy matters. Defendant is named **solely in its administrative and constructive trust capacity** as an equity tribunal under 11 U.S.C. § 105 and is not being sued for monetary relief, but rather **injunctive and declaratory relief** related to its actions and omissions regarding lawful money tender and equitable standing.

Defendant operates from:

110 East Park Avenue
Tallahassee, FL 32301

8. **Defendant No. 2 – HON. KAREN K. SPECIE**

Defendant is named in her **official capacity** as Chief Bankruptcy Judge of the United States Bankruptcy Court for the Northern District of Florida. She is not named personally, but rather in her **public fiduciary capacity**, for the purposes of equitable review, constitutional accountability, and injunctive relief pursuant to 28 U.S.C. § 2201 and related authorities.

9. **Defendant No. 3 – UNITED STATES TRUSTEE PROGRAM, REGION 21**

This Defendant oversees the administration of bankruptcy cases in the Northern District of Florida and acts under the supervision of the U.S. Department of Justice. It is named in its **administrative fiduciary role** for its involvement in monitoring the bankruptcy estate and implementing processes that relate to

3

discharge, claim validation, and debtor communications.
Mailing Address:

110 E. Park Avenue, Suite 128
Tallahassee, FL 32301

## MATTERS IN SUPPORT OF RELIEF

10. On May 23, 2025, Plaintiff submitted a 'Plea of Tender and Demand for Lawful

Money Redemption' in accordance with 12 U.S.C. § 411, UCC § 3-603(b), and

the Constitution of the United States.

11. The tender was lawful and complete and made in good faith with intent to

discharge obligations in substance over form, seeking redemption into lawful

money and equitable settlement.

12. The Court dismissed the lawful tender by mischaracterizing the filing as frivolous

and associating Plaintiff's equity-based demand with disfavored political

ideologies, causing fiduciary injury and denying equitable standing.

13. The refusal to settle the accounting or recognize lawful money redemption

violates the principles of equity, the Constitution (Art. I, Sec. 10), and denies due

process guaranteed by the Fifth and Fourteenth Amendments.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare the tender sufficient and lawful under 12 U.S.C. § 411 and UCC § 3-603(b);

b. Enjoin any further liquidation or discharge activities inconsistent with the submitted
lawful tender;

4

c. Recognize Plaintiff's fiduciary status and right to proceed in equity;

d. Grant such other and further equitable relief as this Court deems just and proper.

## VERIFICATION

I, Kafil Hamim Quaiyum Tunsill, Trustee for the TUNSILL REVOCABLE LIVING TRUST, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this June 09, 2025.

By: _Kafil - Hamim Quaiyum : Tunsill_
Kafil Hamim Quaiyum Tunsill, Trustee
c/o 2745 Miccosukee Road
Tallahassee, Florida Republic [32308]